107 F.3d 12
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fa'Dee MULAZIM, Plaintiff-Appellant,
v.
Marcia BAILEY; M. Little; Paul Jackson, Defendants-Appellees.
 No. 96-1369.
 United States Court of Appeals, Sixth Circuit.
 Feb. 04, 1997.
 
 Before: LIVELY, MERRITT, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 This pro se Michigan state prisoner appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and declaratory relief, Fa'Dee Mulazim sued the Deputy Warden for Programs at Michigan's Thumb Correctional Facility (Marsha Bailey), and two prison staff librarians (Paul Jackson and Malynda Little). Mulazim claimed that: 1) the defendants violated his First Amendment right of access to the courts; and 2) the defendants violated his right to equal protection by denying him simultaneous access to the law library and a typewriter because he is African-American. Mulazim sued the defendants in their individual capacities.
 
 
 3
 The magistrate judge recommended granting the defendants' motion for summary judgment. The district court adopted the magistrate judge's report and recommendation over Mulazim's objections. Mulazim appeals that judgment. In his timely appeal, Mulazim moves for in forma pauperis status and reasserts the claims he set forth in the district court.
 
 
 4
 On appeal, this court reviews a judgment granting summary judgment de novo. Moore v. Phillip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993); Deaton v. Montgomery County, Ohio, 989 F.2d 885, 887 (6th Cir.1993). Upon review, we conclude that the district court properly granted summary judgment in favor of the defendants.
 
 
 5
 A prisoner's access to the courts must be "adequate, effective, and meaningful." Bounds v. Smith, 430 U.S. 817, 822 (1977). Although Mulazim alleges a denial of access to the courts, his complaint is little more than an assertion of a right to use a typewriter. This argument is meritless. Prison regulations which reasonably limit the time, places, and manner in which inmates may engage in legal research and preparation of legal papers do not transgress the constitutionally protected rights of prisoners so long as the regulations do not frustrate access to the courts. Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). The record reveals that Mulazim's right of access was not denied in any specific case.
 
 
 6
 The defendants did not deny Mulazim equal protection of the law. Mulazim claims that the defendants impeded his access to the court by not granting him simultaneous access to the prison's law library and a typewriter on the basis of his race. In order to establish a violation of the Equal Protection Clause, an inmate must prove that a racially discriminatory intent or purpose was a factor in the decision of the prison officials. Village of Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 265-66 (1977). Such discriminatory purpose must be a motivating factor in the actions of the defendants. Id. The plaintiff bears the ultimate burden of proving that the injury complained of was due to improper consideration of a discriminating purpose. Id. Mulazim does not present significant probative evidence that racial discrimination or purpose was a factor in the decision not to grant him simultaneous access to the library and typewriter.
 
 
 7
 Accordingly, Mulazim's motion for in forma pauperis status is granted for the limited purpose of deciding this appeal, and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.